(98 App. Div. 324)

### SPRING v. MARKOWITZ.

(Supreme Court, Appellate Division, Second Department.   November 23, 1904.)

1. COUNTERCLAIM—EVIDENCE—SUFFICIENCY.

    Defendant counterclaimed on the ground that plaintiff agreed to share with him the profits on certain goods bought by plaintiff and thereafter sold. Defendant, having no personal knowledge of the transaction, gave an estimate of the profits realized on the faith of his statement that he knew what they were, and the original vendor testified what profits the goods would easily realize, and a witness was permitted to testify generally how much of the goods plaintiff had left, but it did not appear how the amount was arrived at. Plaintiff's evidence was that the profits were much less than estimated by defendant. *Held*, that the evidence was insufficient to support the counterclaim.

Appeal from Municipal Court of New York.

Action by Henry Spring against Samuel Markowitz. From a judgment in favor of defendant, plaintiff appeals.   Reversed.

Argued before HIRSCHBERG, P. J., and BARTLETT, WOODWARD, JENKS, and HOOKER, JJ.

Moses Jaffe, for appellant.
Maurice Nagler, for respondent.

HIRSCHBERG, P. J.   The plaintiff sues to recover the sum of $58.45, which he loaned to the defendant in the month of January, 1904.   The defendant denied the loan in his answer, but it was conceded upon the trial.   The defendant set up three counterclaims, which the court has allowed him in full after deducting the amount of the plaintiff's claim for the money loaned.   Two of the counterclaims are of trifling amounts, the main one being for a share of the profits in a merchandise transaction.   This counterclaim was not established by legal evidence, and its allowance constitutes reversible error.   The plaintiff purchased some "bargain goods," as they were called, in January, 1904, with the defendant's aid, advice, and assistance, and it was agreed that in consideration of such aid the

plaintiff would share the profits with the defendant. The price paid by the plaintiff for the goods was $1,256.54. The defendant alleges in his answer on information and belief that the profits amounted to $700 and upwards, and the judgment appealed from awards him $350 on that account. The goods were taken possession of and stored by the plaintiff, and whatever sales were made and expenses incurred were made and incurred by him. The defendant had no personal knowledge of the details of the transaction, yet he was permitted to give an estimate of the amount of the profits realized on the faith of his general statement that he knew what they were. This was received under objection. The defendant also produced the vendor of the goods as a witness, and he was permitted to testify that they would easily realize 40 per cent. of profit on their cost to the plaintiff. The defendant moved to strike out this evidence, and the motion was denied. The only sales which the defendant proved to have been made amounted to the sum of $1,071.05. He made no proof of the expenses incurred or of the extent and value of the goods remaining after the sales, excepting that a witness was permitted to testify generally in his behalf that after the sales in question there were left eight or nine hundred dollars' worth of goods. This evidence was also received under objection. There was no pretense that any inventory had been taken, and no evidence given as to how the amount was arrived at. No basis in fact was furnished for the opinion of the witness, and it was obviously a mere estimate or guess without definite foundation. The plaintiff gave evidence, on the other hand, which tended to show that the profits of the transaction amounted to only the sum of $258.65. In arriving at that result he admitted sales amounting to $1,225.45, and testified to expenses incurred amounting to $95.26, admitting a balance of goods on hand and unsold amounting to $385. While, of course, the court was not bound to adopt his figures where contradicted, or where any circumstances exist to cast suspicion upon them, they could not be successfully overborne by the mere general estimates of others as to what should or might have been accomplished in the venture, not supported by some definite proof of knowledge on their part, or accompanied by the details and items by which the purported results have been reached. The judgment should be reversed.

Judgment of Municipal Court reversed, and new trial ordered; costs to abide the event. All concur.